COPE, Judge
(dissenting).
I respectfully dissent.
In this case the defendant entered into a negotiated plea to multiple criminal charges in exchange for a sentence of 40 years. As part of the agreement, there was specific discussion regarding the defendant’s eligibility for administrative gain time under the Florida statutes.
The plea colloquy stated, in part:
[Defense Counsel]: Judge, at this time he’s entering a plea to Counts I, II, III, IV, V, VI, VII, VIII, IX, X and XI in Case No. 88-13307 with the understanding that he will be sentenced to forty years concurrent and, in addition, with the understanding that the Court’s intention is for him to receive administrative gain time under Florida Statute 944.-276 and 944.77 and we will present a proposed order for the Court at another time.
The Court: That’s provided he behave himself. I’m not saying that he is going to get it for sure.
[Defense Counsel]: Provided he has no problems, Judge. That is correct.
The Court: We mentioned the gain time provided he has no problems. If he has some problems in jail or something like that and they don’t allow it for that purpose, that has absolutely nothing to do with me.
However, if he keeps his nose clean, I have every intention of giving him that consideration.
[Defense Counsel]: Judge, the new statute is — just a minute.
The Court: You already cited the statute.
[Defense Counsel]: Yes, Judge.
The new statute is 944.277 and the statute that was apparently in effect at the time of this incident, in April of 1988 is section 944.276. That has since been repealed, however.
The Court: Okay.
* * # * # *
[The Court]: Also, it is my understanding that — will, it’s not my understanding. It’s [my] order that — subject to confirmation by the Department of Corrections and whatever their position is, it is my intention that the old statute, 944.276 that was repealed — the new statute of 944.277 has been placed into effect.
It is my intention to request the Department of Corrections or to inform the Department of Corrections, I should say, that the Court is not interested in the elimination of the administrative gain time and to suggest that it be applied to this particular case.
In addition to that, there will be a written order prepared by the defendant’s attorney indicating the exact wording and it is also my understanding that the State has announced that they will not appeal this particular plea.
(R. 157-58, 165).
Defendant was sentenced pursuant to the agreement. Included in the judgment was the provision that “the court further authorized gain time according to Florida Statute 944.276-1987 (see order).” (R. 99). The court also entered a separate order “that Alonso Marshall be sentenced to 40 years State Prison, concurrent on all counts and receive Administrative Gain Time on his sentence under § 944.276 Fla. Stat.1987.” (R. 102).
Section 944.276, Florida Statutes (1987), was entitled “Administrative gain-time,” and authorized the granting of additional gain-time credits to inmates when the inmate population of the correctional system reached 98 percent of lawful capacity. The *1081 statute specifically excluded certain categories of inmates from eligibility. In 1988, section 944.276 was repealed and replaced by section 944.277, Florida Statutes (Supp. 1988). Dugger v. Rodrick, 584 So.2d 2, 3 (Fla.1991), cert, denied, — U.S.-, 112 S.Ct. 886, 116 L.Ed.2d 790 (Jan. 13, 1992). The 1988 enactment authorizes the granting of provisional credits against the inmate’s sentence. This is a modified form of what was previously administrative gain-time.[1]
At the time of the plea colloquy, the parties had some uncertainty about whether the 1987 statute or the 1988 statute would be the one applicable to this defendant. Consequently both were discussed during the plea colloquy, and for present purposes it does not matter which version of the statute was applicable. Under subsequent decisional law, it has become clear that the later statute, section 944.277, as amended, is the version applicable to this defendant. Dugger v. Rodrick, 584 So.2d at 3-4.
The problem in the present case is that this defendant was ineligible for credit under either section 944.276 or section 944.-277. That is so because defendant pled guilty, inter alia, to attempted sexual battery. Under both statutes, inmates convicted of that offense are not eligible for consideration. It is abundantly clear that an express part of the plea agreement was that the inmate would be eligible for what is now known as provisional credit. The only contingency discussed with the defendant was that he would have to maintain good behavior in the prison system in order to be eligible for provisional credit.
Since the defendant is statutorily excluded from consideration for provisional credit, the judgment and separate sentencing order are totally ineffective on that point. The defendant’s Rule 3.850 motion was well taken and should have been granted. That was the trial judge’s initial reaction to the Rule 3.850 motion, and that reaction was correct.
The order denying Rule 3.850 relief should be reversed and the cause remanded with directions to allow the defendant to withdraw his plea and proceed to trial on all of the original charges.[2]

. The new system results in an earlier release date for inmates given provisional credits, but the release is into a provisional release supervision program. See § 944.277, Fla.Stat. (Supp. 1988).

. At the hearing on the Rule 3.850 motion the trial court made it clear that all of the charges, including the charges that were nolle pressed, would be reinstated if the defendant withdrew his plea.